# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| **In re:**                                    )<br>                                                   )<br>                                                   )<br>**JOSHUA L. CASON &**            )<br>**ANNETTE R. CASON,**           )<br>                                                   )<br>                     **Debtors.**          )<br>_____ ) | **Case No. 04-03805-TLM**<br><br>**SUPPLEMENT TO ORDER**<br>**RE:  CONTEMPT MOTION** |

Joshua and Annette Cason ("Debtors") filed a motion for contempt against creditor FastBucks of Idaho, Inc., d/b/a FastBucks of Nampa and/or FastBucks of Nampa, Idaho, LLC, aka Payday FastBucks and Payday Loans of Nampa. *See* Doc. No. 8 ("Motion"). The parties stipulated to an agreed order settling Debtors' Motion, and the same has been entered by this Court. *See* Doc. No. 29. Through the settlement, Fastbucks agreed to pay Debtors $184.00 in actual damages and $2,000.00 in punitive damages, a portion of which was to be used to pay attorney's fees.

At a May 16, 2005 hearing on Debtors' Motion, the Court instructed Debtors' counsel, Richard Alban ("Counsel"), to supplement the record with an explanation regarding his fees. *See* Doc. No. 24 (minute entry). On June 7, 2005, Counsel filed a "Supplemental Disclosure of Compensation," Doc. No. 28, in

SUPPLEMENT TO ORDER RE: CONTEMPT MOTION - 1

which he explained how his fees were calculated and that he had agreed to accept $1,000.00 for his work on the Motion.

The Court has a duty under the Code to review attorney compensation, even absent objection. *See In re Andrus,* 04.3 I.B.C.R. 137, 144 (Bankr. D. Idaho 2004). This Supplement to Order addresses Counsel's fees in this matter.

Under § 329(e) and Rule 2016(b), a debtor's attorney is required to execute and file a supplemental statement concerning any payment received or compensation agreement reached that was not previously disclosed, and the attorney must do so within fifteen days of receiving payment or making a new agreement. Here, Counsel's disclosure explains that he had an agreement with Debtors regarding his fees, and that agreement was laid out in a letter dated January 26, 2005.[1] Doc. No. 28. Counsel's disclosure was not filed until June 7, 2005, and then only after the Court instructed Counsel to do so. This delay does not comply with the Rules.[2]

The requirements of Rule 2016(b) "are not merely aspirations or goals; timely and strict compliance by counsel is mandatory [and] . . . failure to timely

---

[1] Counsel's disclosure states that the fee letter is attached. Unfortunately, the letter was not submitted or made part of the record. Nevertheless, the Court accepts Counsel's representation that an agreement regarding his fees existed with his client as of January 26, 2005.

[2] In addition to being tardily filed, the disclosure is not properly identified as a supplemental 2016(b) statement on the docket, nor is it submitted on the appropriate Rule 2016(b) form. *See In re Dearborn Constr.,* 03.1 I.B.C.R. 17, 23-24 (Bankr. D. Idaho 2003) (noting the need for a forthright and clear disclosure in the manner and form contemplated by the Rules).

SUPPLEMENT TO ORDER RE: CONTEMPT MOTION - 2

file an adequate disclosure form alone constitutes a sufficient reason for the Court to reduce, or even completely deny, compensation to the debtor's attorney." *In re Combe Farms, Inc.*, 01.1 I.B.C.R. 7, 9 (Bankr. D. Idaho 2001) (citing *In re Lewis*, 113 F.3d 1040, 1045 (9th cir. 1997) and *In re Basham*, 208 B.R. 926, 931 (9th Cir. BAP 1997)); *see also In re Larson*, 04.1 I.B.C.R. 15, 16 (Bankr. D. Idaho 2004). The Court cannot "simply excuse" Counsel when compliance falls short of the requirements of the Code and Rules. *See Combe Farms*, 01.1 I.B.C.R. at 9.

As a sanction for failing to timely satisfy his obligation to disclose his new fee agreement, Counsel's fees shall be reduced by 10%. Counsel will therefore be entitled to $900.00 as reasonable attorney's fees in connection with the Motion. The funds remaining in Counsel's trust account arising out of the settlement of the Motion shall be paid to Debtors.

DATED: June 14, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

SUPPLEMENT TO ORDER RE: CONTEMPT MOTION - 3

# CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Stephen L. Solomon
Attorney at Law
7920 Belt Line Rd. #600
Dallas, TX   75254-8154

Case No.  04-03805-TLM

Dated:  June 14, 2005

/s/Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers